**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THE SATER GROUP, INC., et al.,**

    **Plaintiffs,**

v.                                                                                             Case No.  8:06-cv-1814-T-30EAJ

**JACK BARTLETT CUSTOM HOMES**
**CREATIONS, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Jack Bartlett Custom Homes Creations, Inc., J. Bartlett, Inc., and Jack Bartlett's Motion to Dismiss Amended Complaint and Motion for More Definite Statement and Supporting Memorandum of Law (Dkt. #22), Defendants Brad Design & Engineering, Inc., Vince Bradley, and Tammy Bradley's Motion to Dismiss, or Alternatively, For a More Definite Statement, and Supporting Memorandum of Law (Dkt. #27), and Plaintiffs' Consolidated Response to Defendants Jack Bartlett Custom Home Creations, Inc. d/b/a Bartlett Custom Homes, J. Bartlett, Inc., Jack Bartlett, Brad Design & Engineering, Inc., Vince Bradley and Tammy Bradley's Motions to Dismiss Complaint and Motions for More Definite Statement (Dkt. #33).  The Court, having considered the motions, response, memoranda, amended complaint, and being otherwise advised in the premises, finds that Defendants' motions should be granted without prejudice.

Plaintiffs, The Sater Group, Inc. ("Sater Group") and The Sater Design Collection, Inc. ("Sater Design") have alleged one claim for copyright infringement against Defendants,

J. Bartlett, Inc., Jack Bartlett Custom Home Creations, Inc., Jack Bartlett, Brad Design & Engineering, Inc., Vince Bradley, Tammy Bradley, Gregory A. Jackson, and Janet Fultz (collectively, the "Defendants").

To state a claim for copyright infringement a complaint must allege: (1) the specific original work that is the subject of the copyright claim; (2) that the plaintiff owns the copyright in the work; (3) that the work in question has been registered in compliance with the statute; and (4) by what acts and during what time the defendant has infringed the copyright." Klinger v. Weekly World News, Inc., 747 F.Supp. 1477, 1481 (S.D. Fla. 1990).

**I.    Specific Original Work that is the Subject of the Copyright Claim.**

Plaintiffs admit that there is an inconsistency in the Amended Complaint which alleges that Defendants have infringed upon the "8013" a/k/a the "San Lorenzo" plan and Exhibit 1 attached to the Amended Complaint (which depicts "8013 Coach Hill"). Plaintiffs explain the inconsistency by stating in their response to Defendants' motions to dismiss that the "San Lorenzo" plan and the "Coach Hill" plan represent the same copyrighted home plan - the "8013" - but with alternate elevations. Plaintiffs attach a copy of the San Lorenzo plan as Exhibit "A" to its response to Defendants' motions to dismiss (Dkt. #33) in an attempt to rectify the discrepancy.

Plaintiffs cannot amend their complaint by attaching an exhibit to their response to Defendants' motions to dismiss. See Rule 15(a) of the Federal Rules of Civil Procedure. Accordingly, the Court concludes that Plaintiffs' Amended Complaint should be dismissed without prejudice and Plaintiffs shall be granted leave to amend to correct any and all

allegations referring to the specific original work which is the subject of Plaintiffs' copyright claims.

## II.  Plaintiff owns the Copyright in the Work.

Plaintiffs allege, in pertinent part:

13. The Sater Group, Inc. is the creator and owner of an original architectural work entitled the "8013" a/k/a the "San Lorenzo," a reduced copy of the plan is attached hereto as Exhibit 1...
14. The Work was originally created by The Sater Group, Inc. in 2002.
15. The Sater Group, Inc. complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the Work, and received from the Register of Copyrights a certificate of registration, dated and identified as follows: "August 7, 2003; VA 1-235-781"...
16. The Sater Design Collection, Inc. holds an exclusive license to market and sell the Work.
17. Plaintiffs are the owners of the entire right, title and interest in and to the Work, and in and to the copyright thereon and the registration thereof.
18. After the Work was created in 2002, the Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one or more residences, all of which were copied largely from Plaintiff's copyrighted Work. A reduced copy of the infringing plan, referred to as "The Jackson Residence," is attached hereto as Exhibit 3...

Plaintiffs acknowledge that Section 106 of the 1976 Copyright Act (the "Act") specifies the exclusive rights that attach to copyrighted works. These rights include the right to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;
(2) to prepare derivative works based upon the copyrighted work;
(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
(4) in the case of literary, musical, dramatic, and choreographic works, pantomines, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

> (5) in the case of literary, musical, dramatic, and choreographic works, pantomines, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.  17 U.S.C. §106.

Under the Act, a copyright owner may transfer any one or more of the these exclusive rights through exclusive licenses.  17 U.S.C. §201(d).  The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title.  17 U.S.C. §201(d)(2).

Under Section 501(b), the owner of an exclusive right under the copyright is entitled "to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. §501(b).  Thus, assuming the allegations of Plaintiff's Amended Complaint are true, Sater Design is entitled to institute an action for any infringement of its exclusive license to "market and sell the Work" and Sater Group is entitled to institute an action for infringement of all other exclusive rights that it maintains as the owner of the copyrighted work.

Sater Design, however, does not have standing to institute an action for the infringement of other exclusive rights in the copyrighted work other than to "market and sell the Work."  Nevertheless, in Paragraph 17 of the Amended Complaint Plaintiffs allege that "Plaintiffs are the owners of the entire right, title and interest in and to the Work, and in and to the copyright thereon and the registration thereof."  Pursuant to the allegations in the Amended Complaint, Sater Design, as the holder of an exclusive license to market and sell the Work, is not the owner of "the entire right, title and interest in and to the Work;" and

therefore, Sater Design does not have standing to sue for all exclusive rights under Section 106 in the copyrighted Work.

Thus, Sater Design may not institute an action for the infringement of exclusive rights (other than the right to market and sell the Work) where Sater Design does not maintain an ownership interest or exclusive license in such rights. Accordingly, the Court concludes that Sater Design does not have standing to institute an copyright infringement action against Defendants for "designing, constructing and participating in the construction of one or more residences, all of which were copied largely from the copyrighted Work." Rather, it appears that Sater Design's infringement action, if any, is limited to actions on the part of the Defendants that infringes on Sater Design's exclusive license to market and sell the Work, such as advertising.

Plaintiffs' Amended Complaint makes general allegations against all of the Defendants. The Amended Complaint fails to: separate each alleged act by each defendant into individually numbered paragraphs; separate the exclusive right(s) in the copyrighted Work held by each plaintiff; separate the claim of each Plaintiff against each defendant; allege when or during what time period the defendant(s) infringed the copyright[1]; and allege which defendant(s) violated which exclusive right(s). It is impossible to ascertain from the Amended Complaint which defendant committed which alleged act. Thus, the Court concludes that Plaintiffs have failed to state a claim upon which relief may be granted and that Plaintiffs' Amended Complaint is so vague or ambiguous that a party cannot reasonably

---

[1] To state a claim for copyright infringement a complaint must allege by what acts and during what time the defendant has infringed the copyright.

be required to frame a responsive pleading.  For these reasons, the Court grants Defendants' motions to dismiss pursuant to Rule 12(b)(6) for failure to state a cause of action and pursuant to Rule 12(e) for more definite statement.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Jack Bartlett Custom Homes Creations, Inc., J. Bartlett, Inc., and Jack Bartlett's Motion to Dismiss Amended Complaint and Motion for More Definite Statement and Supporting Memorandum of Law (Dkt. #22) is GRANTED without prejudice.

2. Defendants Brad Design & Engineering, Inc., Vince Bradley, and Tammy Bradley's Motion to Dismiss, or Alternatively, For a More Definite Statement, and Supporting Memorandum of Law (Dkt. #27) is GRANTED without prejudice.

3. Plaintiffs' Amended Complaint (Dkt. #5) is dismissed without prejudice.

4. Plaintiffs shall file a Second Amended Complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-1814.mtd 27.wpd